IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DOCUMENT GENERATION CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ALLSCRIPTS, LLC,**<br><br>**CERNER CORPORATION,**<br><br>**SAGE SOFTWARE HEALTHCARE, INC.,**<br><br>**McKESSON INFORMATION SOLUTIONS, LLC,**<br><br>**MISYS HEALTHCARE SYSTEMS, LLC,**<br><br>**MEDICAL INFORMATION TECHNOLOGY, INC, a.k.a. MEDITECH, INC.,**<br><br>**EPIC SYSTEMS CORPORATION,**<br><br>and<br><br>**ECLIPSYS CORPORATION,**<br><br>Defendants. | CASE NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Document Generation Corporation ("Plaintiff") files this Complaint against

Allscripts, LLC ("Allscripts"), Cerner Corporation ("Cerner"), Sage Software Healthcare, Inc.

("Sage"), McKesson Information Solutions, LLC ("McKesson"), Misys Healthcare Systems,

LLC ("Misys"), Medical Information Technology, Inc., also known as Meditech, Inc.

("Meditech"), Epic Systems Corporation ("Epic"), and Eclipsys Corporation ("Eclipsys")

1

(collectively referred to herein as "Defendants") for infringement of United States Patent No. 5,267,155 ("the '155 patent").

## JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes.

3. Plaintiff Document Generation Corporation is a Delaware corporation located in Newport Beach, California.

4. Defendant Allscripts is a Delaware limited liability company with its principal office in Chicago, Illinois. This Court has personal jurisdiction over Defendant Allscripts because Allscripts has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. Defendant Cerner is a Delaware corporation with it principal office in Kansas City, Missouri. This Court has personal jurisdiction over Defendant Cerner because Cerner has committed, and continues to commit, acts of infringement within the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. Defendant Sage is a Delaware corporation with its principal office in Tampa, Florida. This Court has personal jurisdiction over Defendant Sage because Sage has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in

the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

7. Defendant McKesson is a Delaware corporation with its principal office in San Francisco, California.  This Court has personal jurisdiction over Defendant McKesson because McKesson has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

8. Defendant Misys is a North Carolina limited liability company with its principal place of business in Raleigh, North Carolina.  This Court has personal jurisdiction over Defendant Misys because Misys has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

9. Defendant Meditech is a Massachusetts corporation with its principal place of business in Westwood, Massachusetts.  This Court has personal jurisdiction over Defendant Meditech because Meditech has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

10. Defendant Epic is a Wisconsin corporation with its principal place of business in Verona, Wisconsin.  This Court has personal jurisdiction over Defendant Epic because Epic has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

11. Defendant Eclipsys is a Delaware corporation with its principal place of business in Atlanta, Georgia.  This Court has personal jurisdiction over Defendant Eclipsys because

Eclipsys has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

12. On information and belief, Defendants' products that are alleged herein to infringe are made, used, imported, offered for sale and/or sold in the Eastern District of Texas.

13. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in this district; are deemed to reside in this district; do business in this district; and/or have systematic and continuous contacts in this district.

### VENUE

14. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district.  In addition, and in the alternative, one or more Defendants have committed acts of infringement in this district and have regular and established places of business in this district.

### INFRINGEMENT OF UNITED STATES PATENT NO. 5,267,155

15. Plaintiff incorporates paragraphs 1 through 14 herein by reference.

16. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

17. Plaintiff Document Generation Corporation is the exclusive licensee of the '155 patent with rights to enforce the '155 patent and sue infringers.

18. A copy of the '155 patent, titled "Apparatus and Method for Computer-Assisted Document Generation," is attached hereto as Exhibit A.

19. The '155 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20. On information and belief, Defendant Allscripts has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, HealthMatics EHR.

21. On information and belief, Defendant Cerner has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, PowerChart.

22. On information and belief, Defendant Sage has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, Intergy EHR.

23. On information and belief, Defendant McKesson has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, Total Practice Partner, Practice Partner Patient Records, and PracticePoint Chart.

24. On information and belief, Defendant Misys has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, Misys EMR.

25. On information and belief, Defendant Meditech has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products

and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, Enterprise Medical Record.

26. On information and belief, Defendant Epic has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, Epiccare Ambulatory EMR.

27. On information and belief, Defendant Eclipsys has infringed and continues to infringe on the '155 patent by making, using, importing, offering for sale, and/or selling products and services, among other things, covered by one or more claims of the '155 patent, including, but not limited to, Sunrise Clinical Manager.

28. On information and belief, Defendants contributorily infringed one or more claims of the '155 patent and continue to contributorily infringe one or more claims of the '155 patent, pursuant to 35 U.S.C. § 271, in the United States, including in this judicial district.

29. On information and belief, Defendants have induced others to infringe one or more claims of the '155 patent and continue to induce others to infringe one or more claims of the '155 patent, pursuant to 35 U.S.C. § 271, in the United States, including in this judicial district.

30. Defendants actions complained of herein will continue unless Defendants are enjoined by this Court.

31. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

32. Plaintiff has complied with 35 U.S.C. § 287.

33. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint;

(b) Enjoin Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 5,267,155;

(c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(e) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(f) Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

(g) Order the impounding and destruction of all Defendants' products that infringe the '155 patent;

(h) Award Plaintiff interest and costs; and

(i) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Respectfully submitted,

   /s/ Anthony G. Simon
Anthony G. Simon
Timothy E. Grochocinski
SIMON PASSANANTE, P.C.
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonpassanante.com
teg@simonpassanante.com

          /s/ Gregory P. Love  
Gregory P. Love  
Texas Bar No. 24013060  
LOVE LAW FIRM, P.C.  
109 West Tyler Street  
Longview, Texas 75601  
P. 903.212.4444  
F. 903.230-5684  
gplove@me.com