# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| DOCUMENT GENERATION CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>ALLSCRIPTS, LLC, CERNER CORPORATION, SAGE SOFTWARE HEALTHCARE, INC., MCKESSON INFORMATION SOLUTIONS, LLC, MISYS HEALTHCARE SYSTEMS, LLC, MEDICAL INFORMATION TECHNOLOGY, INC.; a.k.a MEDITECH INC., EPIC SYSTEMS CORPORATION, ECLIPSYS CORPORATION, and ALLSCRIPTS –MISYS HEALTHCARE SOLUTIONS, INC.<br><br>Defendants. | **No. 6:08-cv-00479-LED**<br><br>**Jury Trial Demanded** |

---

## ALLSCRIPTS, LLC'S, MISYS HEALTHCARE SYSTEMS, LLC'S, AND ALLSCRIPTS-MISYS HEALTHCARE SOLUTIONS, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS

---

Defendants Allscripts, LLC ("Allscripts"), Misys Healthcare Systems, LLC ("Misys"), and Allscripts-Misys Healthcare Solutions, Inc.("Allscripts-Misys"), by counsel, hereby respond to the allegations raised in the First Amended Complaint of Plaintiff Document Generation Corporation ("Plaintiff"), as set forth below in response to the numbered paragraphs of the Complaint, and assert the Defenses and Counterclaims set forth below.

## ANSWER

### Jurisdiction

1.     Allscripts, Misys, and Allscripts-Misys admit that this action purports to present a claim of infringement under the Patent Laws of the United States, Title 35, United States Code, and Allscripts, Misys, and Allscripts-Misys further admits that the Complaint purports to seek injunctive relief.

2.     Allscripts, Misys, and Allscripts-Misys admit that the subject matter is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

3.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 3 for lack of information and knowledge sufficient to form a belief as to their truth.

4.     Allscripts admits it is a Delaware limited liability company with its principal place of business in Chicago, Illinois, is registered to conduct business in the state of Texas and conducts business in the state of Texas.  Allscripts denies that it has committed or continues to commit acts of infringement in the state of Texas, and further denies that it has engaged in continuous and systematic activities in the state of Texas.

5.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 5 for lack of information and knowledge sufficient to form a belief as to their truth.

6.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 6 for lack of information and knowledge sufficient to form a belief as to their truth.

7.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 7 for lack of information and knowledge sufficient to form a belief as to their truth.

8.     Misys admits it is a North Carolina limited liability company with its principal place of business in Raleigh, North Carolina, is registered to conduct business in the state of Texas and conducts business in the state of Texas.  Misys denies that it has committed or continues to commit acts of infringement in the state of Texas, and further denies that it has engaged in continuous and systematic activities in the state of Texas.

9.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 9 for lack of information and knowledge sufficient to form a belief as to their truth.

10.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 10 for lack of information and knowledge sufficient to form a belief as to their truth.

11.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 11 for lack of information and knowledge sufficient to form a belief as to their truth.

12.     Allscripts-Misys admit that on or about October 10, 2008 it changed its name from Allscripts Healthcare Solutions, Inc. to Allscripts-Misys Healthcare Solutions, Inc. in connection with a transaction under which Misys was merged into and became a wholly-owned subsidiary of Allscripts-Misys.  Allscripts-Misys admits it is a Delaware corporation with its principal place of business in Chicago, Illinois, is registered to conduct business in the state of Texas and conducts business in the state of Texas.  Allscripts-Misys denies that it has committed or continues to commit acts of infringement in the state of Texas, and further denies that it has engaged in continuous and systematic activities in the state of Texas.  Allscripts-Misys otherwise denies the allegations set forth in paragraph 12.

13.     Allscripts, Misys, and Allscripts-Misys deny that any of their alleged infringing products are made or imported in the Eastern District of Texas. Allscripts, Misys, and Allscripts-Misys admit that their alleged infringing products are used, offered for sale and/or sold in the Eastern District of Texas.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 13 that relate to other defendants in this action.  To the extent that the allegations of paragraph 13 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other defendants in this action, and on that basis deny all remaining allegations in paragraph 13.

14.     Allscripts, Misys, and Allscripts-Misys admit that they are subject to personal jurisdiction in Texas, conduct business in this district and are deemed to reside in this district.  Allscripts, Misys, and Allscripts-Misys deny that they have committed acts of infringement in this district or have engaged in continuous and systematic activities in this district.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 14 that relate to other defendants in this action.  To the extent that the allegations of paragraph 14 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other defendants in this action and on that basis deny all remaining allegations in paragraph 14.

## Venue

15.     Allscripts, Misys, and Allscripts-Misys admit that this district is a statutorily permissible venue but deny that it is the most appropriate or convenient venue.  Allscripts, Misys, and Allscripts-Misys deny that they have committed acts of infringement in this district or have a regular and established place of business in this district.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 15 that relate to other defendants in this action.  To the extent that the allegations of paragraph 15 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the

allegations as they relate to other defendants in this action and on that basis deny all remaining allegations in paragraph 15.

## Infringement of United States Patent No. 5,267,155

16.     Allscripts, Misys, and Allscripts-Misys incorporates by reference their responses to paragraphs 1 through 15 above, as if set forth verbatim herein.

17.     Allscripts, Misys, and Allscripts-Misys admit that the alleged cause of action arises under the provisions of the Patent Laws of the United States, Title 35, United States Code, and, in particular, 35 U.S.C. §§271, et seq.

18.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 18 for lack of information or knowledge sufficient to form a belief as to their truth.

19.     Allscripts, Misys, and Allscripts-Misys admit that a copy of the '155 patent, titled "Apparatus and Method for Computer-Assisted Document Generation," was attached to the Complaint as Exhibit A.

20.     On information and belief, Allscripts, Misys, and Allscripts-Misys deny paragraph 20.

21.     On information and belief, Allscripts, Misys, and Allscripts-Misys deny paragraph 21.

22.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 22 for lack of information and knowledge sufficient to form a belief as to their truth.

23.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 23 for lack of information and knowledge sufficient to form a belief as to their truth.

24.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 24 for lack of information and knowledge sufficient to form a belief as to their truth.

25.     On information and belief, Allscripts, Misys, and Allscripts-Misys deny paragraph 25.

26.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 26 for lack of information and knowledge sufficient to form a belief as to their truth.

27.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 27 for lack of information and knowledge sufficient to form a belief as to their truth.

28.     Allscripts, Misys, and Allscripts-Misys deny the allegations set forth in paragraph 28 for lack of information and knowledge sufficient to form a belief as to their truth.

29.     On information and belief, Allscripts, Misys, and Allscripts-Misys deny paragraph 29.

30.     As to Allscripts, Misys, and Allscripts-Misys, denied.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 30 that relate to other defendants in this action.  To the extent that the

allegations of paragraph 30 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other defendants in this action, and on that basis deny all remaining allegations in paragraph 30.

31.     As to Allscripts, Misys, and Allscripts-Misys, denied.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 31 that relate to other defendants in this action.  To the extent that the allegations of paragraph 31 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other defendants in this action, and on that basis deny all remaining allegations in paragraph 31.

32.     As to Allscripts, Misys, and Allscripts-Misys, denied.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 32 that relate to other defendants in this action.  To the extent that the allegations of paragraph 32 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other defendants in this action, and on that basis deny all remaining allegations in paragraph 32.

33.     As to Allscripts, Misys, and Allscripts-Misys, denied.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 33 that relate to other defendants in this action.  To the extent that the allegations of paragraph 33 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other defendants in this action, and on that basis deny all remaining allegations in paragraph 33.

34.     As to Allscripts, Misys, and Allscripts-Misys, denied.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 34 that relate to other defendants in this action.  To the extent that the allegations of paragraph 34 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other defendants in this action, and on that basis deny all remaining allegations in paragraph 34.

35.     As to Allscripts, Misys, and Allscripts-Misys, denied.  No response is required by Allscripts, Misys, and Allscripts-Misys relating to the allegations of paragraph 35 that relate to other defendants in this action.  To the extent that the allegations of paragraph 35 that relate to other defendants in this action are deemed to require a response, Allscripts, Misys, and Allscripts-Misys lack sufficient information to form a belief as to the truth of the allegations as they relate to other

defendants in this action, and on that basis deny all remaining allegations in paragraph 35.

<h2 align="center">AFFIRMATIVE AND OTHER DEFENSES</h2>

Allscripts, Misys, and Allscripts-Misys plead and give notice of the following defenses, whether affirmative or otherwise.

<h3 align="center">First Defense: Non-Infringement</h3>

36.    Allscripts, Misys, and Allscripts-Misys do not and have not infringed any claims of the '155 patent nor have they contributed to the infringement of or actively induced others to infringe the '155 patent.

<h3 align="center">Second Defense: Invalidity</h3>

37.    Upon information and belief, Allscripts, Misys, and Allscripts-Misys allege that one or more of the claims of the '155 patent are invalid for failure to meet the requirements of the patent laws of the United States, including at least one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

<h3 align="center">Third Defense: Estoppel</h3>

38.    Discovery may demonstrate evidence that Plaintiff is estopped from asserting or maintaining a construction of the '155 patent, or any claims thereof, either literally or under the doctrine of equivalents, that would cover or read upon any device made, used, offered for sale, sold, or imported by Allscripts, Misys, or Allscripts-Misys because of, but not limited to, statements made to the PTO during prosecution of the '155 patent.

### Fourth Defense: 35 U.S.C. § 286

39.    Discovery may demonstrate that Plaintiff's claims for damages are barred by 35 U.S.C. § 286.

### Fifth Defense: 35 U.S.C. § 287

40.    Discovery may demonstrate that Plaintiff's claims for damages are barred by 35 U.S.C. § 287.

### COUNTERCLAIMS

Allscripts-Misys, for its complaint, plead and give notice of the following counterclaims against Plaintiff.

### The Parties

1.    Allscripts-Misys is a Delaware corporation with its principal place of business located Chicago, Illinois.

2.    On information and belief, Plaintiff is a Delaware corporation located in Newport Beach, California.

### Jurisdiction and Venue

3.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4.    This Court has jurisdiction over Allscripts-Misys' Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I

### Declaration of Non-Infringement

6.     Allscripts-Misys incorporates by reference, as though expressly stated herein, the allegations set forth in paragraphs 1-5 of the Counterclaims.

7.     Allscripts, Misys, and Allscripts-Misys have not infringed and are not infringing the '155 patent.   Allscripts-Misys seeks a declaratory judgment that Allscripts, Misys, and Allscripts-Misys have not committed any acts of infringement of the '155 patent

## COUNT II

### Declaration of Invalidity

8.     Allscripts-Misys incorporates by reference, as though expressly stated herein, the allegations set forth in paragraphs 1-5 of the Counterclaims.

9.     The '155 patent, and each and every claim thereof asserted against Allscripts, Misys, and Allscripts-Misys by Plaintiff, is invalid for failure to meet the requirements of the patent laws of the United States, including at least one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### JURY DEMAND

Allscripts, Misys, and Allscripts-Misys demand trial by jury on all issues triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, Allscripts, Misys, and Allscripts-Misys pray for judgment in their favor and against Plaintiff and respectfully request the following relief:

(a)     That the Court dismiss DGC's First Amended Complaint at to Allscripts, Misys, and Allscripts-Misys;

(b)     That the Court dismiss DGC's claims in their entirety, with prejudice, as to Allscripts, Misys, and Allscripts-Misys;

(c)     That the Court find that DGC is not entitled to any of its requested relief, or any relief whatsoever, as to Allscripts, Misys, and Allscripts-Misys;

(d)     That the Court find that DGC is not entitled to any costs in this litigation, pursuant to § 288;

(e)     That the Court find that the claims of the '155 patent are invalid;

(f)     That the Court find that Allscripts, Misys, and Allscripts-Misys have not infringed, contributed to the infringement of, or induced the infringement of any valid claims of the '155 patent, directly or indirectly, under any subsection of 35 U.S.C § 271;

(g)     That the Court find this to be an exceptional case entitling Allscripts, Misys, and Allscripts-Misys to an award of attorneys fees, expenses, and costs pursuant to 35 U.S.C. § 285;

(h)     That the Court deny any preliminary or permanent injunctive relief sought by DGC against Allscripts, Misys, and Allscripts-Misys; and

(i)     That the Court award Allscripts, Misys, and Allscripts-Misys such other and further relief as this Court deems just and proper.

Date:  March 12, 2009.                    Respectfully submitted,

                                          /s/ Patrick J. Kelleher
                                          Patrick J. Kelleher
                                          William V. Essig
                                          David A. Frey
                                          Jasmine Patel
                                          DRINKER BIDDLE & REATH LLP
                                          191 N. Wacker Dr. #3700
                                          Chicago, IL 60606
                                          Tel: (312) 569-1000
                                          Fax: (312) 569-3375
                                          patrick.kelleher@dbr.com
                                          william.essig@dbr.com
                                          david.frey@dbr.com
                                          jasmine.patel@dbr.com


                                          Guy N. Harrison
                                          **Law Offices of Guy Harrison**
                                          217 N. Center St.
                                          Longview, TX  75601
                                          Tel: (903) 758-7361
                                          Fax: (903) 753-9557
                                          guy@gnhlaw.com

                                          ATTORNEYS FOR DEFENDANTS
                                          ALLSCRIPTS, LLC, MISYS
                                          HEALTHCARE SOLUTIONS, LLC
                                          and ALLSCRIPTS-MISYS
                                          HEALTHCARE SOLUTIONS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Patrick Kelleher
Patrick Kelleher

CH01/ 25311816.1