UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DOCUMENT GENERATION CORP.,

        Plaintiffs,

vs.                                  Case No. 6:08-cv-479-LED

ALLSCRIPTS LLC, et al.,

        Defendants.

**DEFENDANT EPIC SYSTEMS CORPORATION'S ANSWER
TO THE FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**

**ANSWER**

Defendant Epic Systems Corporation ("Epic") responds to Plaintiff Document Generation Corporation's ("Plaintiff") First Amended Complaint, as follows:

**JURISDICTION**

1. Epic admits that this action purports to be one for patent infringement, seeking injunctive relief and damages, but denies both infringement and the legal sufficiency of Plaintiff's claims and allegations and in all other respects denies the allegations of Paragraph 1.

2. Epic admits this Court has subject matter jurisdiction.

3. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 3, and on that basis denies them.

4. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 4, and on that basis denies them.

5. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 5, and on that basis denies them.

6. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 6, and on that basis denies them.

7. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 7, and on that basis denies them.

8. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 8, and on that basis denies them.

9. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 9, and on that basis denies them.

10. Epic admits that it is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Verona, Wisconsin.  Epic further admits that this Court has personal jurisdiction over Epic because Epic does business in the State of Texas.  Epic denies all remaining allegations in Paragraph 10.

11. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 11, and on that basis denies them.

12. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 12, and on that basis denies them.

13. Epic lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 13, and on that basis denies them.

14. Epic lacks sufficient knowledge or information to form a belief as to the allegations directed to the other defendants in Paragraph 14, and on that basis denies them.  Epic

admits that this Court has personal jurisdiction over Epic because Epic does business in the State of Texas.  Epic denies all remaining allegations of Paragraph 14 relating to Epic.

## VENUE

15. Paragraph 15 contains a legal conclusion to which no response is required.  To the extent a response is required, Epic denies that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) or 1400(b), and has filed a motion to transfer this matter to the Southern District of Illinois.  Epic denies any remaining allegations in Paragraph 15.

## INFRINGEMENT OF UNITED STATES PATENT NO. 5,267,155

16. Epic realleges and incorporates herein by reference the admissions and denials stated in Paragraphs 1-15 of this Answer.

17. Epic admits that this action purports to arise under the patent laws of the United States, but denies both infringement and the legal sufficiency of Plaintiff's claims and allegations and denies all remaining allegations in Paragraph 17.

18. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 18, and on that basis denies them.

19. Epic admits that a copy of United States Patent No. 5,267,155 (the "'155 Patent") was attached to the First Amended Complaint.

20. Epic denies the allegations in Paragraph 20.

21. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 21, and on that basis denies them.

22. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 22, and on that basis denies them.

23. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 23, and on that basis denies them.

24. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 24, and on that basis denies them.

25. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 25, and on that basis denies them.

26. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 26, and on that basis denies them.

27. Epic denies the allegations in Paragraph 27.

28. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 28, and on that basis denies them.

29. Epic lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 29, and on that basis denies them.

30. Epic lacks sufficient knowledge or information to form a belief as to the allegations directed to the other defendants in Paragraph 30, and on that basis denies them.  Epic denies all of the allegations of Paragraph 30 relating to Epic.

31. Epic lacks sufficient knowledge or information to form a belief as to the allegations directed to the other defendants in Paragraph 31, and on that basis denies them.  Epic denies all of the allegations of Paragraph 31 relating to Epic.

32. Epic lacks sufficient knowledge or information to form a belief as to the allegations directed to the other defendants in Paragraph 32, and on that basis denies them.  Epic denies all of the allegations of Paragraph 32 relating to Epic.

33. Epic denies the allegations in Paragraph 33.

34. Epic lacks sufficient knowledge or information to form a belief as to the allegations directed to the other defendants in Paragraph 34, and on that basis denies them. Epic denies all of the allegations of Paragraph 34 relating to Epic.

35. Epic lacks sufficient knowledge or information to form a belief as to the allegations directed to the other defendants in Paragraph 35, and on that basis denies them. Epic denies all of the allegations of Paragraph 35 relating to Epic.

## **AFFIRMATIVE DEFENSES**

Epic asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Epic has not directly infringed and is not directly infringing any valid and properly construed claim of the '155 Patent.

### Third Affirmative Defense

Epic has not induced or contributed to, and is not inducing or contributing to, infringement of any valid and properly construed claim of the '155 Patent.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Doctrines of Laches, Estoppel, Waiver and/or Acquiescence.

### Fifth Affirmative Defense

The '155 Patent is invalid and unenforceable for failure to comply with one or more of the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules and regulations, and laws pertaining thereto.

Sixth Affirmative Defense

Upon information and belief, Plaintiff has not complied with 35 U.S.C. § 287, and failed to give actual or implied notice of the '155 Patent prior to the filing of the Complaint identifying the specific accused products.

Seventh Affirmative Defense

Plaintiff's claims for damages are limited or barred by 35 U.S.C. § 286.

Eighth Affirmative Defense

Plaintiff is estopped by virtue of prior art or its conduct and representations during the prosecution of the '155 Patent from presenting an interpretation of the claims necessary to find infringement by Epic.

Ninth Affirmative Defense

Epic will rely on any and all further defenses that become available or appear during discovery or other proceedings and specifically reserves the right to amend this Answer to assert any such additional affirmative defenses.

WHEREFORE, Epic seeks an order dismissing Plaintiff's First Amended Complaint with prejudice, an award of its attorneys' fees and costs in this action, and such other relief as the Court deems just and proper.

**COUNTERCLAIMS**

Defendant, Counterclaim-Plaintiff, Epic Systems Corporation states its counterclaims against Plaintiff as follows:

**PARTIES**

1. Defendant, Counterclaim-Plaintiff, Epic Systems Corporation ("Epic") is a Wisconsin Corporation which maintains its principal place of business at 1979 Milky Way, Verona, Wisconsin 53593.

2. Plaintiff, Counterclaim-Defendant, Document Generation Corporation ("Plaintiff") is, upon information and belief, a corporation organized and existing under the laws of Delaware which maintains its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

## JURISDICTION AND VENUE

3. These are counterclaims under the patent laws of the United States of America.

4. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Epic denies that this venue is appropriate for the Complaint and has filed a motion to transfer to the Southern District of Illinois. However, if this Court decides to hear this matter, then the Court should also hear Epic's Counterclaims.

6. Plaintiff has commenced the present action for patent infringement against Epic in this Court. Epic has denied all allegations of patent infringement; therefore, an actual and justiciable controversy exists between the parties.

## COUNT I
## DECLARATORY JUDGMENT FOR PATENT
## NONINFRINGEMENT OF THE '155 PATENT

7. Epic repeats and realleges the allegations in Paragraphs 1-6 above.

8. This is a counterclaim for a declaratory judgment that United States Patent No. 5,267,155 (the "'155 Patent") is not infringed by Epic, either directly or by induced or contributory infringement.

9. Epic makes, uses, offers for sale, and sells a product which Plaintiff accuses of infringing the '155 Patent.

10. Epic's accused product does not infringe any valid claim of the '155 Patent. Epic requests that this Court declare the same.

## COUNT II
## DECLARATORY JUDGMENT FOR PATENT
## INVALIDITY OF THE '155 PATENT

11. Epic repeats and realleges the allegations in Paragraphs 1-10 above.

12. This is a counterclaim for a declaratory judgment that United States Patent No. 5,267,155 (the "'155 Patent") is invalid.

13. Each asserted claim of the '155 Patent is invalid for failure to comply with the requirements of Part II of Title 35, United States Code. Epic requests that this Court declare the Patent invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## REQUEST FOR RELIEF

WHEREFORE, Epic requests the following relief on its Counterclaims:

1. The declaratory relief requested above.

2. An award of its attorneys' fees and costs in this action, including but not limited to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

3. Such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Epic demands a jury trial of all issues for which that right exists.

Dated this 12th day of March, 2009.						Respectfully submitted,


/s/ Matthew J. Duchemin
Matthew J. Duchemin
 md9@quarles.com
Anthony A. Tomaselli
 aat@quarles.com
Kristin Graham Noel
 kgn@quarles.com
Martha G. Jahn
 mjahn@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
608-351-5000 (Telephone)
608-251-9166 (Facsimile)

Michael A. Jaskolski
 maj@quarles.com
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-4497
414-277-5000 (Telephone)
414-271-3552 (Facsimile)

Eric H. Findlay
 EFindlay@findlaycraft.com
Texas Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, Texas  75703
903-534-1100 (Telephone)
903-534-1137 (Facsimile)

***Attorneys for Defendant,
Epic Systems Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Matthew J. Duchemin  
Matthew J. Duchemin
