**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| DOCUMENT GENERATION CORPORATION, | |
| *Plaintiff,* | |
| v. | Civil Action No. 6:08-CV-479 |
| ALLSCRIPTS, LLC, et al., | Jury Trial Demanded |
| *Defendants.* | |

## <u>DEFENDANTS' MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER</u>

The parties have conferred and have reached complete agreement on the terms of a proposed Protective Order, with one exception.  In particular, the parties have not been able to agree on the specific terms of Paragraph 18(d), which provides certain exceptions to the general bar on prosecuting patent applications set forth in the remainder of the paragraph.

With respect to Paragraph 18(d), Plaintiff proposes that the enumerated exceptions to the prosecution bar apply to all pending patent reexaminations, whereas Defendants propose that the enumerated exceptions apply only to the patents-at-issue in this action and the related Illinois action.  Additionally, Plaintiff proposes that the enumerated exceptions permit Plaintiff's litigation counsel subject to the prosecution bar to assist reexamination patent counsel in making claim amendments, whereas Defendants propose that individuals subject to the prosecution bar not be permitted to assist reexamination patent counsel in making claim amendments.

In support of their respective positions, the parties provide the following brief statements to the Court:

**<u>Plaintiff's Position</u>**: [Based on Defendants' understanding that a single Motion For Entry of Protective Order should be filed with the Court, Defendants' counsel contacted Plaintiff's

counsel to request a statement setting forth Plaintiff's position regarding the disputed language contained in Paragraph 18(d) of the Protective Order.  In response, Plaintiff's counsel indicated that Plaintiff would file a "separate response" to the Court.  At the time of this filing, Defendants have not seen Plaintiff's statement to be offered to the Court in support of its position.]

**<u>Defendants' Position</u>**: Defendants do not believe that any exceptions to the prosecution bar are necessary or justified in connection with pending reexaminations.  Nevertheless, to accommodate Plaintiff's litigation counsel's desire to remain involved in any reexamination proceeding relating to the current patent-in-suit or the parent patent DGC asserted in the related Illinois action, Defendants agreed to certain exceptions to the prosecution bar relating to any reexamination of these two specific patents, both of which will be expired by 2010.  However, Defendants believe that the unspecified and open-ended extension of these exceptions to all reexaminations would severely undermine the purpose of the prosecution bar, particularly taking into account the fact that patentees are able to unilaterally initiate reexaminations – and thereby open prosecution – of their own patents.  Additionally, regarding the scope of exceptions to the prosecution bar, Defendants believe that Plaintiff's litigation counsel should not be permitted to communicate with reexamination counsel concerning amendments to claims being reexamined. Allowing such communication poses the significant and unavoidable risk that Plaintiff's litigation counsel will use highly confidential information received through this litigation describing the technical details of Defendants' accused products to craft claims that read on those same products.[1]  Defendants believe that allowing Plaintiff's litigation counsel subject to the prosecution bar to participate in reexamination proceedings at all in connection with the patents-

---

[1] The patent-in-suit in the related Illinois action is currently undergoing reexamination.  The Patent Office recently issued a first Office Action rejecting all claims 1-31 of that patent on June 5, 2009.

at-issue in this action and the related Illinois action represents a significant concession offered in

an attempt to reach agreement on all provisions of the Protective Order.

Plaintiff and Defendants' respective proposed Protective Orders, including respective

proposed versions of Paragraph 18(d), are attached as Exhibits A and B.


Dated:  June 10, 2009                          Respectfully submitted,

                                               FISH & RICHARDSON P.C.


                                               /s/ George L. Kanabe
                                               _____

                                               Nagendra Setty
                                               State Bar No. 636205
                                               (nsetty@fr.com)
                                               Christopher O. Green
                                               State Bar No. 037617
                                               (cgreen@fr.com)
                                               George L. Kanabe
                                               State Bar No. 103906
                                               (kanabe@fr.com)

                                               1180 Peachtree Street, NE, 21st Floor
                                               Atlanta, Georgia 30309
                                               Tel: 404-892-5005
                                               Fax: 404-892-5002

                                               *Attorneys for Defendant*
                                               *McKesson Information Solutions LLC*

## CERTIFICATE OF CONFERENCE

The undersigned hereby represents that the parties have met and conferred and Plaintiff's counsel has indicated that Plaintiff does not accept Defendants' proposed Paragraph 18(d) contained in the proposed Protective Order being filed herewith.  Accordingly, the matter is ripe for consideration by the Court..

*/s/ George L. Kanabe*
George L. Kanabe

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 10, 2009, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ George L. Kanabe*
George L. Kanabe