# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

DOCUMENT GENERATION CORP.,

        Plaintiff,

   vs.

ALLSCRIPTS LLC, et al.,

        Defendants.

Case No. 6:08-CV-479

## STIPULATED PROTECTIVE ORDER

The Court recognizes that some of the documents, information or other things being sought through discovery in the above-captioned action are kept confidential by the parties for competitive reasons.  The Materials protected by the terms of this Protective Order ("Order") in this action, to which the parties have agreed to be bound, include but are not limited to, information contained in responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, deposition testimony and exhibits, documents and things produced in response to discovery requests, and all copies, extracts, summaries, compilations, designations, and portions thereof.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  The purpose of this Order is to protect the confidentiality of such Materials and Confidential Information as much as practical during the litigation.

IT IS THEREFORE ORDERED THAT:

## DEFINITIONS

1.     The term "Confidential Information" shall mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that is deemed to be confidential by any party to which it belongs by use of any of the confidential designations described in Paragraph 8 below.

2.     The term "Materials" shall include, but shall not be limited to, documents and things defined by the Federal Rules of Civil Procedure, including, but not limited to:  Source Code; compiled code; executable code; software; e-mails; electronic data; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matters identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "Outside Counsel" shall mean Outside Counsel of record (including law firms that may be added in the future if they agree to the terms of this Stipulated Protective Order), and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below as signatories to this Order or later added as described herein.

4.	The term "In-House Counsel" shall mean persons for each party (i) that are attorneys or members of the legal staff or the intellectual property department for the party, (ii) that are employed by the party or a related corporate entity, and (iii) as part of that employment participate in policy decisions with reference to this action.

5.	"Producing Party" shall refer to any party to this action, or to any third party (whether voluntarily or pursuant to subpoena), who discloses, testifies about, produces or makes available for inspection any Materials or Confidential Information.

6.	"Receiving Party" shall refer to any person who receives Confidential Information from a Producing Party.

7.	"Source Code" shall include, but not be limited to, computer source code, compiled code, executable code, data models, data definitions, computer instructions and algorithms.

## CONFIDENTIAL INFORMATION DESIGNATIONS

8.	A Producing Party that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL"; "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and may designate computer Source Code or documents that describe algorithms used in computer Source Code as "RESTRICTED SOURCE CODE."  A Defendant may further sub-designate Materials that it believes in good faith is so competitively sensitive that it cannot be shared with the other Defendants with:  "—PLAINTIFF'S COUNSEL" in

3

combination with "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL –
OUTSIDE COUNSEL ONLY," or "RESTRICTED SOURCE CODE."

      a.      Designation as "CONFIDENTIAL": Any Producing Party may designate
Materials as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel,
the unrestricted disclosure of such Materials could be potentially prejudicial to the business or
operations of such party.

      b.      Designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY":  Any
Producing Party may designate Materials as "CONFIDENTIAL – ATTORNEYS' EYES
ONLY" only if, in the good faith belief of such party and its counsel, the Materials are sensitive
to the party, including but not limited to confidential research, development, or other technical
information, or if, in the good faith belief of such party and its counsel, the Materials are
commercially sensitive to the party, including but not limited to confidential financial,
commercial, or other non-technical information.

      c.      Designation as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY":
Any Producing Party may designate Materials as "CONFIDENTIAL – OUTSIDE COUNSEL
ONLY" only if, in the good faith belief of such party and its counsel, the Materials are among
that considered to be most sensitive by the party, including but not limited to trade secret or other
highly confidential research, development, financial or other commercial information.

      d.      Designation as "RESTRICTED SOURCE CODE":  Any Producing Party
may designate Materials as "RESTRICTED SOURCE CODE" only if, in the good faith belief of
such party and its counsel, the Materials are Source Code.

      e.      Designation as "X – PLAINTIFF'S COUNSEL":  Any Defendant may
designate Materials "X – PLAINTIFF'S COUNSEL" only if, in the good faith belief of such

party and its counsel, the Materials are considered to be the most competitively sensitive by the

party, including trade secrets, Source Code and confidential commercial information, and the

disclosure of such Materials to a co-defendant or its Outside Counsel, may result in competitive

harm.

9.      In the event the Producing Party elects to produce Materials for inspection, no

marking need be made by the Producing Party in advance of the initial inspection.  For purposes

of the initial inspection, all Materials produced shall be considered as "CONFIDENTIAL –

OUTSIDE COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order.

Thereafter, upon selection of specified Materials for copying by the Receiving Party, the

Producing Party shall, within a reasonable time prior to producing those Materials to the

Receiving Party, mark the copies of those Materials that contain Confidential Information with

the appropriate confidentiality marking.

10.     In the case of a non-party producing Materials containing Confidential

Information to a party to this agreement pursuant to a subpoena, a non-party document

production request, or otherwise, those Materials may be marked in accordance with this Order

and afforded all protections hereunder except a non-party producing Materials is not entitled to

produce documents under the "X – PLAINTIFF'S COUNSEL" designation.

## USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS

11.     Wherever a deposition taken on behalf of any party involves a disclosure of

Confidential Information of any Producing Party:

a.      said deposition or portions thereof shall be designated as containing

Confidential Information subject to the provisions of this Order; such designation shall be made

on the record wherever possible, but any party may designate portions of depositions as

containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL"; "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"; "RESTRICTED SOURCE CODE" or "X – PLAINTIFF'S COUNSEL." During the fifteen (15) day period, the deposition transcript shall be treated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  Video, DVD, audio or other recorded versions of the depositions will automatically have the same designation as the corresponding transcript.

    b.  the Disclosing Party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person who is not permitted access to the Confidential Information by this Protective Order; and

    c.  the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL"; "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"; "RESTRICTED SOURCE CODE" or "X – PLAINTIFF'S COUNSEL" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

## **RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION**

   12.  All Confidential Information shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than solely in connection with this litigation.

## I.      **CONFIDENTIAL – OUTSIDE COUNSEL ONLY CLASSIFICATION**

13.     Restriction on Disclosure of Information Designated "CONFIDENTIAL –

OUTSIDE COUNSEL ONLY":

a.      Information designated "CONFIDENTIAL – OUTSIDE COUNSEL

ONLY" shall be viewed only by the Court; any designated arbitrator or mediator who is assigned

to hear this matter and who has signed the Agreement To Be Bound By Protective Order

attached hereto as Exhibit A; Outside Counsel of the Receiving Party (including any attorneys,

paralegals, technology specialists and clerical employees); professional litigation support

vendors (including but not limited to copy, graphics, translation, database and/or trial support

and/or trial consulting services (hereinafter referred to as "Professional Vendors")); court

reporters and videographers, and independent experts under the conditions set forth in this

paragraph.

b.      The right of any independent expert to receive any Confidential

Information shall be subject to the advance approval of such expert by the Producing Party or by

permission of the Court. The party seeking approval of an independent expert first must provide

to the Producing Party (1) the full name of the independent expert and the city and state of his or

her primary residence, (2) a copy of the expert's current resume, (3) a written identification of

the expert's current employer(s), (4) a written identification of each person or entity from whom

the expert has received compensation for work or to whom the expert has provided professional

services in the area of software for medical information systems at any time during the preceding

five years, and (5) the name and action number of the case, filing date, and location of any court

concerning any litigation in connection with which the expert has provided any testimony during

the preceding four years. Before the disclosure or communication of any Confidential

Information to any independent expert, such expert shall execute an acknowledgment and

agreement to be bound in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order. The executed certificates shall be maintained by counsel for the party that has disclosed the Confidential Information, and copies of such executed certificates shall be provided to counsel for the Producing Party prior to such disclosure.

        c.     A party that makes a request and provides the information concerning the expert specified in the preceding subparagraph may disclose the designated information to the identified expert unless, within seven (7) calendar days of delivering the request, the party seeking approval of the expert receives a written objection from the Producing Party.  Any such objection must set forth in detail the grounds on which it is based.

        d.     A party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion seeking permission from the Court to do so.

## II.    CONFIDENTIAL - ATTORNEYS' EYES ONLY CLASSIFICATION

        14.    Restriction on Disclosure of Information Designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY":

        a.     Information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be viewed only by those persons referenced in Paragraph 13 (a) in accordance with the conditions set forth in Paragraph 13(a)-(c).

        b.     In addition, information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed by In-House Counsel of the Receiving Party, provided:

            i.     each such In-House Counsel faithfully executes an acknowledgment and agreement to be bound in the form attached hereto as Exhibit B;

            ii.     the original executed Exhibit B is retained by the Receiving Party;

iii.      a copy of the executed Exhibit B and a description of the respective In-House Counsel's duties and responsibilities are provided to the Producing Party seven (7) calendar days prior to the disclosure of any Materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  to the In-House Counsel; and

iv.      in the event of a dispute concerning access to Materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," each such In-House Counsel shall provide a declaration to the Producing Party identifying the respective In-House Counsel's duties and responsibilities for the Party, and any disputes concerning the ability of the disclosed In-House Counsel to access Materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," will be resolved in accordance with the procedures set forth in paragraph 13(d).

## III.    **CONFIDENTIAL CLASSIFICATION**

15.    <u>Restriction on Disclosure of Information Designated "Confidential"</u>:

a.      Information designated "CONFIDENTIAL" shall be viewed only by the persons identified in Paragraph 13(a) in accordance with the provisions of Paragraph 13(a)-(c), and persons identified in Paragraph 14(b) in accordance with the provisions of that Paragraph. Information designated "CONFIDENTIAL" may also be viewed by the additional individuals listed below, provided each such additional individual has read this Order in advance of disclosure and has executed an acknowledgment and agreement to be bound in the form attached hereto as Exhibit A, and that such executed exhibit is retained by the Receiving Party:

b.      Employees and agents of the parties involved in this action having a need to know the information in connection with the prosecution or defense of this action;

c.      Technical personnel of the parties with whom counsel for the parties find it necessary to consult in preparation for trial of this action; and

d.      Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

## IV.   RESTRICTED SOURCE CODE DESIGNATION

16.     Source Code may be designated as "RESTRICTED SOURCE CODE." Documents and things so designated will be subject to all of the restrictions of Materials designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and will also be subject to the following additional restrictions and provisions:

a.      Source Code in electronic format may be made available for inspection at the offices of counsel for a Producing Party, or another agreed upon location, within the Eastern District of Texas.  Unless the parties agree otherwise, each Producing Party will load its relevant Source Code on a non-networked computer that is password protected and maintained in a secure, locked area, in a private room having a private landline; the non-networked computer shall not be connected to a telephone or network cable, or wireless network.  The Producing Party shall ensure that the computer containing the Source Code will be made available for inspection during regular business hours upon reasonable notice.  The computer containing Source Code shall be provisioned with all requisite applications and/or utility software as the parties agree or the Court directs to facilitate review and analysis of the Source Code by the Receiving Party.  Use of any input/output device other than a Producing Party-provided printer (e.g. USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code unless such device is necessary to view the Source Code and is provided by the Producing Party.

b.      The parties will produce Source Code in a computer searchable format, but need not produce executable code absent further agreement of the parties or order of the Court.

c.      No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as follows:

i.      Unless the parties agree otherwise, the non-networked computer shall be connected to a printer.  The printer will be loaded with pre-Bates-labeled paper specific to the Producing Party's Source Code containing a watermark and the legend "RESTRICTED SOURCE CODE."  The watermark shall not obscure any portion of the printed page or otherwise impair legibility, and it shall not preclude the making of a clear and completely legible paper copy of the page after printing, as permitted below.  The Receiving Party shall be permitted to print to the printer and retrieve printed Source Code on its own, but must use the provided paper described above.  The Producing Party shall ensure that an adequate amount of paper is reasonably provided.  The Receiving Party shall only print those portions of the Source Code reasonably necessary for this case.

ii.      Unless otherwise agreed, and unless the complete path and file name of a printed file appears on the printed output, the Receiving Party shall maintain a log of which Bates-numbered pages of Source Code were printed and from which files that code was printed by identifying the complete path and file name, and shall provide that log to the local counsel for the Producing Party at the end of each day on which Source Code was printed.

iii.      Unless otherwise agreed, at the end of each day on which Source Code was printed, the Receiving Party shall provide the printed Source Code to the Producing

Party's local counsel who will promptly make copies of the printed Source Code and return the original to the Receiving Party.

    iv.  Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "RESTRICTED SOURCE CODE" may not be digitally imaged or otherwise duplicated, except by Outside Counsel for the Receiving Party (a) for the purpose of creating hard duplicate copies for retention in multiple offices of Outside Counsel or by the outside experts contemplated by Paragraph 14; (b) for the purpose of creating hard copy deposition or trial exhibits containing limited excerpts of Source Code; and (c) to the extent the Court requires electronic filing of sealed materials, electronic copies of such limited excerpts of Source Code as are reasonably needed for use as exhibits to court filings.  Expert reports may refer to Source Code by Bates number and may reproduce limited excerpts of Source Code in the report itself as needed to identify or discuss specific source code on a Bates numbered page; however, expert reports shall not attach copies of Source Code as exhibits.

    v.  Any paper copies designated "RESTRICTED SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to view Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location; provided, however, that Outside Counsel for the Receiving Party shall be permitted to personally transport Source Code, and Source Code may be transported by package delivery services that provide for tracking of packages, to or from locations at which Source Code is permitted to be stored or viewed.

     vi.  Any photocopied "RESTRICTED SOURCE CODE" material shall be identified in a Source Code Photocopy Log maintained by Outside Counsel for the Receiving Party.  The Source Code Photocopy Log shall include the (1) identity of the individual copying the subject material, (2) address at which the subject material was copied, (3) number of copies made, (4) the Bates number range of the material copied, and (5) the date and time when the copying occurred.  The Source Code Photocopy Log shall be retained by Outside Counsel for the Receiving Party for a period of not less than five (5) years after conclusion of the case.

     d.  A Receiving Party that intends to use Materials designated "RESTRICTED SOURCE CODE" at a deposition may make only as many copies, and only of the specific pages, as the Receiving Party intends to actually use at the deposition.  Counsel for the party taking the deposition will collect and retain the original of any such exhibits, which shall not be appended to the transcript of the deposition.

## V.  PLAINTIFF'S COUNSEL DESIGNATION

    17.  A Producing Party may utilize the designation "X – PLAINTIFF'S COUNSEL," in connection with Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED SOURCE CODE," in which case the restrictions of such designation shall apply, and, any Materials so marked shall be restricted to production to Plaintiff only and not among co-defendants.

## PROSECUTION BAR

    18.  Restriction on Patent Prosecution.

    a.  A party to this litigation may utilize the designation "X –SUBJECT TO PROSECUTION BAR" for "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED SOURCE CODE" Materials relating to the party's products.

b.      Unless otherwise agreed to in writing by a Producing Party (at its own discretion), any person who sees or reviews the content of Materials designated hereunder as "X – SUBJECT TO PROSECUTION BAR" shall not participate in the preparation or prosecution of any patent application directed to software for medical information systems from the date of the entry of this Protective Order until two years after the conclusion of this litigation (including appeals) or two years after the conclusion of the person's involvement therewith, whichever comes first.

c.      Nothing in this Order shall prevent or preclude other persons in the law firms representing the parties in this action who have not seen or reviewed any materials designated hereunder as "X – SUBJECT TO PROSECUTION BAR" from participating in patent prosecutions of any nature.  Any such person who participates in the preparation or prosecution of a patent application on behalf of a Party to this action hereafter shall, prior to any such activities, complete and sign a certificate of consent in the form attached hereto as Exhibit C, which shall be retained by the affiliated Receiving Party(ies)'s counsel and provided to the Producing Parties. This requirement for such persons to sign Exhibit C shall end upon the conclusion of this litigation (including appeals) or the termination of the corresponding law firm's involvement with this litigation, whichever comes first.  Moreover, nothing in this Order shall prevent or preclude an attorney having access to such information from serving as billing or client attorney on such matters being prepared or prosecuted by other persons in such attorney's firm, so long as such attorney does not otherwise participate substantively in such preparation or prosecutions.

d.      The provisions of paragraph 18 shall not prevent plaintiff's Outside Counsel who has seen or reviewed the content of Materials designated hereunder as "X – SUBJECT TO

PROSECUTION BAR" from reviewing communications from the United States Patent Office ("PTO") regarding a re-examination proceeding or from discussing claim interpretation issues or ways of distinguishing claims in any such re-examination from any cited prior art, including with re-examination patent counsel; however, such Outside Counsel may not prosecute any such re-examination and may not reveal the content of Materials designated hereunder as "X – SUBJECT TO PROSECUTION BAR" to re-examination patent counsel or agents.

     e.     "The act of a Producing Party showing a person material that is designated "X – SUBJECT TO PROSECUTION BAR" during a deposition, trial or other court proceeding shall not by itself cause the provisions of Paragraph 18 to apply with respect to that person.

     f.     Materials may be designated "X – SUBJECT TO PROSECUTION BAR" only if, in the good faith belief of the Producing Party and its counsel, the Materials warrant such designation.

     g.     The provisions of paragraph 23 apply to materials designated "X – SUBJECT TO PROSECUTION BAR."

     19.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as "X- SUBJECT TO PROSECUTION BAR" ("Inadvertently Non-Designated Material") in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information and should be designated "X – SUBJECT TO PROSECUTION BAR," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the Materials as confidential and subject to the provisions of paragraph 18, once the Producing Party so notifies the Receiving Party. The provisions of paragraph 18 shall not apply to persons solely because they saw or

reviewed the Inadvertently Non-Designated Materials prior to receiving written notice from the

Producing Party, provided that after written notice is received such persons cease seeing or

reviewing the Inadvertently Non-Designated Materials.  If the Receiving Party has disclosed the

Materials before receiving the designation, the Receiving Party must notify the Producing Party

in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable

manner of labeling or marking the inadvertently produced Materials.

### **GENERAL PROVISIONS**

20.     With respect to material designated "CONFIDENTIAL";  "CONFIDENTIAL –

ATTORNEYS' EYES ONLY"; "CONFIDENTIAL – OUTSIDE COUNSEL ONLY";

"RESTRICTED SOURCE CODE"; or "X – PLAINTIFF'S COUNSEL," any person indicated

on the face of the document to be its originator, author or a recipient of a copy thereof, may be

shown the same.

21.     During the pendency of this matter, all information which has been designated as

"CONFIDENTIAL"; "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; "CONFIDENTIAL

– OUTSIDE COUNSEL ONLY"; "RESTRICTED SOURCE CODE"; or "X – PLAINTIFF'S

COUNSEL" by the Producing or Disclosing Party, and any and all reproductions thereof, shall

be retained in the custody of the Outside Counsel for the Receiving Party, except that

independent experts and In-House Counsel authorized to view such information under the terms

of this Order may retain custody of copies such as are necessary for their participation in this

litigation.

22.     Any Materials produced in discovery, answers to interrogatories, responses to

requests for admissions, deposition transcripts, or other documents which are designated as

Confidential Information are to be filed with the Court under seal. The parties will follow and abide by applicable law with respect to filing documents under seal in this Court.

23.     At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information and/or the specific designation.  The party objecting to confidentiality and/or the specific designation shall notify, in writing, counsel for the Producing Party of the objected-to Materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) calendar days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The Materials at issue shall be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

24.     All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of all other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.  Notwithstanding the foregoing, Outside Counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of Confidential Information.  Nothing in this Order shall prevent a party from moving the Court for an order of contempt or other such relief for any violation of this Order.

25.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the Materials as confidential, once the Producing Party so notifies the Receiving Party. If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials.

26.     Production Not a Waiver:  If through inadvertence, error, or oversight, a party produces Materials that it believes is immune from discovery pursuant to attorney-client privilege, attorney work product immunity, or any other privilege or immunity, such production shall not be deemed a waiver, and the Producing Party may give written notice to the Receiving Party that the Materials so produced are deemed privileged and that the return of the Materials is requested.  Upon receipt of such written notice, the Receiving Party shall immediately undertake to gather the original and all copies of the Materials and shall immediately return the original and all such copies to the Producing Party, and destroy any remaining electronic copies of such Materials.  Return of such Materials to the Producing Party shall not preclude the Receiving Party from later moving to compel production of the returned Materials.

27.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

28.     Nothing herein is intended to prohibit or restrict in any way a party's (or its attorneys') use or distribution of its own information.

29.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

30.     A party believing there has been a violation of this Order by any other party or person may provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) calendar days to investigate the assertion. If the parties are unable to resolve the issue, then the party asserting that a violation occurred may move the Court for relief.

31.     Upon final termination of a party in this action, including any and all appeals, counsel for each party shall, within a period of thirty (30) days, return all electronic media provided by any other party containing Confidential Information and all hard copies of the Producing Party's Source Code to the Producing Party, and shall destroy all other Confidential Information of any other party and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Outside Counsel for each party may retain all expert reports including exhibits thereto, deposition transcripts including exhibits thereto, and documents filed with the Court including exhibits thereto, that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

32.     The restrictions and obligations set forth herein shall not apply to any information that (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party. Prior knowledge must be established by written records that can be proven to have existed prior to production.

33.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

34.     A non-party producing information or material voluntarily or pursuant to a subpoena or Court order may designate such material or information in the same manner and shall receive the same level of protection under this order as any party to this lawsuit except a non-party producing information may not use the "X – PLAINTIFF'S COUNSEL" designation. In addition, a non-party producing information has no right to access Confidential Information produced by the parties in this case.

35.     If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking information that was designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"; "RESTRICTED SOURCE CODE"; or "X – PLAINTIFF'S COUNSEL" by someone other than that party, the party shall give written notice within ten (10) days of receipt of such subpoena,

demand, or legal process to the Producing Party, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information subject to this Protective Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

36.     Transmission to Outside Counsel of record by e-mail or facsimile is acceptable for all notification purposes herein.

37.     This Order may be modified by agreement of the parties, subject to approval by the Court.

38.     The terms of this Order shall survive and remain in effect after the termination of the above-captioned matter.  This Court retains and shall have continuing jurisdiction over the Producing and Receiving Parties for enforcement of the provisions of this Order following termination of this litigation.

39.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other parties or organizations over which they have control.


SO ORDERED: _____

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| DOCUMENT GENERATION CORPORATION, | § § § | |
| Plaintiff, | § § | |
| | § | Case No. 6:08-CV-00479 |
| v. | § § | |
| ALLSCRIPTS, LLC, et al. | § § | **Jury Trial Demanded** |
| Defendants. | § § | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], have been provided a copy and read the Stipulated Protective Order in the above-captioned case and agree to be bound by its terms.  I understand that I will be receiving non-public, Confidential Information protected pursuant to the terms of this Stipulated Protective Order.  I agree that I will not use or disclose any such protected Confidential Information, as defined in the Protective Order, except in strict compliance with the applicable provisions of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any Confidential Information in my possession or control.  At the final conclusion of the case, I will return or destroy, as directed, any Confidential Information received and any notes or other documents reflecting such Confidential Information.

I agree that all Confidential Information that I receive shall not be disclosed to anyone other than those persons designated in the Protective Order and shall be handled in the manner set forth in the Protective Order and, in any event, shall not be used for any purpose other than solely in connection with this litigation.

Additionally, to the extent I receive Confidential Information designated "X – SUBJECT TO PROSECUTION BAR," I shall adhere to the requirements set forth in Paragraph 18 relating to limits on patent preparation and prosecution.

I do not have an ongoing relationship with any of the parties to this litigation or with any competitor of any party to this litigation and I am not a former agent, representative, officer, director, attorney, employee or retiree of any party to this litigation (or any predecessor in interest of any party) except as follows:

_____
_____
_____.

       I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue.  I understand that any failure to comply with this Order could result in sanctions or other consequences.

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____

Printed Name: _____

Company Name/Address/Phone:

_____

_____

_____

_____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| DOCUMENT GENERATION CORPORATION, | § § § | |
| Plaintiff, | § § | |
| | § | Case No. 6:08-CV-00479 |
| v. | § § | |
| ALLSCRIPTS, LLC, et al. | § § | **Jury Trial Demanded** |
| Defendants. | § | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
**(IN-HOUSE COUNSEL)**

I, _____ [print or type full name], have been provided a copy and read the Stipulated Protective Order in the above-captioned case and agree to be bound by its terms.  I understand that I will be receiving non-public, Confidential Information protected pursuant to the terms of this Stipulated Protective Order.  I agree that I will not use or disclose any such protected Confidential Information, as defined in the Protective Order, except in strict compliance with the applicable provisions of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any Confidential Information in my possession or control.  At the final conclusion of the case, I will return or destroy, as directed, any Confidential Information received and any notes or other documents reflecting such Confidential Information.

I agree that all Confidential Information that I receive shall not be disclosed to anyone other than those persons designated in the Protective Order and shall be handled in the manner set forth in the Protective Order and, in any event, shall not be used for any purpose other than solely in connection with this litigation.

Additionally, to the extent I receive Confidential Information designated "X – SUBJECT TO PROSECUTION BAR," I shall adhere to the requirements set forth in Paragraph 18 relating to limits on patent preparation and prosecution.

I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue.  I understand that any failure to comply with this Order could result in sanctions or other consequences.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____

Printed Name: _____

Company Name/Address/Phone:

_____

_____

_____

_____

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| DOCUMENT GENERATION CORPORATION, | § § § | |
| Plaintiff, | § § | Case No. 6:08-CV-00479 |
| v. | § § | |
| ALLSCRIPTS, LLC, et al. | § § | **Jury Trial Demanded** |
| Defendants. | § | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
**(OUTSIDE PATENT COUNSEL)**

I, _____ [print or type full name], having read and understood the Stipulated Protective Order entered in the above-captioned matter, hereby agree to be bound by the terms thereof.

I promise that I have not seen or reviewed and will not see or review any Confidential Information designated as "X – SUBJECT TO PROSECUTION BAR." I understand that if I see or review any materials designated as "X – SUBJECT TO PROSECUTION BAR," I will be subject to the requirements set forth in Paragraph 18 relating to limits on patent preparation and prosecution, and that acting in any manner contrary to these provisions may subject me to sanctions for contempt of court.

I further understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____                    _____

                                              Printed Name: _____

                                              Company Name/Address/Phone:

                                              _____

                                              _____

                                              _____

                                              _____