# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| DOCUMENT GENERATION CORPORATION, | § § § | |
| v. | § § § | CIVIL ACTION NO. 6:08-CV-479 |
| ALLSCRIPTS, LLC, et al. | § | |

## MEMORANDUM OPINION AND ORDER

The above entitled and numbered civil action has been referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Memorandum Opinion and Order containing the Magistrate Judge's reasons for denying Defendants' Motion to Transfer Venue has been presented for consideration. Order Denying Motion to Transfer Venue ("Order"), Doc. No. 83 (May 19, 2009). Defendants Allscripts, LLC, Cerner Corporation, Sage Software Healthcare, Inc., McKesson Information Solutions LLC, Misys Healthcare Systems, LLC, Medical Information Technology, Inc., a.k.a. Meditech, Inc., Epic Systems Corporation, and Eclipsys Corporation (collectively "Defendants") have filed Objections to and Motion for Reconsideration of Magistrate Judge Love's Order (Doc. No. 92), and a Reply in support (Doc. No. 120). Plaintiff Document Generation Corp. has filed a Response in opposition. (Doc. No. 103.) The parties have also filed various notices of supplemental information. (Doc. Nos. 105, 124, 125). Plaintiff has filed a Motion to Strike one of these notices (Doc. No. 118), and Defendant has filed a Response in opposition (Doc. No. 123).

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Accordingly, Defendants' objections are overruled and its Motion for Reconsideration is **DENIED**. Plaintiff's Motion to Strike is **DENIED AS MOOT**.

**DISCUSSION**

In this suit, Plaintiff alleges that Defendants' products infringe U.S. Patent No. 5,267,155 ("the '155 patent"), which is a continuation-in-part of U.S. Patent No.5,148,366 ("the '366 patent"). On December 4, 2007 Plaintiff filed suit in the Southern District of Illinois ("S.D. Illinois") alleging infringement of the '366 patent ("the S.D. Illinois action"). On December 11, 2008, Plaintiff filed the present suit in this Court alleging infringement of the '155 patent. On March 12, 2009, Defendants filed a motion to transfer venue to S.D. Illinois pursuant to the first-to file rule and 28 U.S.C. § 1404(a). (Doc. No. 51.) The Magistrate Judge denied Defendants' Motion under both theories. (Doc. No. 83.) Defendants now object that the Magistrate Judge erred by: (1) misinterpreting the first-to-file rule; and (2) by creating an impracticable standard for determining the amount of overlap between cases.[1] DEF.'S MOT., Doc. No. 92 at 2-3.

With regard to Defendants' first objection, Defendants argue that the first to file rule requires a Court to transfer a second-filed action to the court where the first-filed action is pending "once it has been proven that the two actions might substantially overlap." *See Garmin Ltd. v. TomTom, Inc.*, No. 2:06-CV-338, 2007 WL 708587 at *1 (E.D. Tex. Mar. 5, 2007). Defendants further argue that because the Magistrate Judge stated that Defendants demonstrated "the potential for overlap," the Magistrate Judge effectively concluded that Defendants had demonstrated that the two actions might substantially overlap. *See* Order at 10. Thus, Defendants argue that, under *Garmin*, the Court must transfer this case pursuant to the first-to-file rule.

---

[1] Plaintiff argues that Defendants' objections are now moot because there is no longer a first filed action—Plaintiff's claims in the S.D. Illinois action having been dismissed. *Document Generation*, 3:07-cv-841, Doc. No. 279 (S.D. Ill. July, 20, 2009). However, because Plaintiff's claims were dismissed without prejudice and Defendants' counterclaims are still pending, the Court will disregard Plaintiff's argument.

Defendants' argument misconstrues the Magistrate Judge's findings. Any two cases involving some of the same parties or similar areas of law have the potential for some overlap. The focus of the first-to-file rule is on whether this overlap is "substantial." *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999) (explaining that the first-to-file rule applies when there is "substantial overlap" between two cases filed in different districts); *see also Garmin Ltd.*, 2007 WL 708587 at *1; *see, e.g., In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (finding transfer inappropriate because of "significant overlap" between multiple cases filed in the same district involving the same parties and the same patents); *Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-cv-112, 2009 WL 331891 at *4-5 (E.D. Tex. Feb. 9, 2009) (finding transfer appropriate because of "significant overlap" between cases involving similar parties, some of the same patents and continuations of those patents). The Magistrate Judge carefully explained why the overlap between these two cases is insubstantial, and the Court sees no reason to depart from that explanation. *See* Order at 8-10.

Defendants also argue that new facts have come to light which demonstrate even greater overlap between the two cases. Specifically, Defendants argue that, because Plaintiff has identified the particular claims at issue in both cases, there is a greater likelihood of overlap. *See* DEF.'S REPLY, Doc. No. 120 at 4; DEF.'S SUPP. NOTICE, Doc. No. 105 at 1. Defendants also argue that Plaintiffs have identified additional accused products in both cases.[2] Having reviewed each of the asserted

---

[2] In Defendants' original Motion to Transfer Venue, Defendants stated that the six overlapping accused products comprised a "substantial majority" of the accused products in this case. DEF.'S MOT., Doc. No. 51 at 7. In Defendants' Reply in support of its original Motion, Defendants listed seven overlapping accused products. DEF.'S REPLY, Doc. No. 73 at 1 n. 1. In Defendants' Motion for Reconsideration, Defendants state that there are eighteen overlapping accused products. DEF.'S MOT., Doc. No. 92 at 1. Finally, in Defendants' Reply in support of its Motion for Reconsideration, Defendants state that there are twelve overlapping products. DEF.'S REPLY, Doc. No. 120 at 4. Neither party has clarified this apparent inconsistency or provided any evidence of the number of accused products in either case. While the Court is unable to determine either the total number of accused products in either case or the

claims in the two cases and considered the Defendants' statements regarding accused products, the Court finds, for the same reasons described in the Magistrate Judge's Order, that this additional evidence does not sufficiently demonstrate substantial overlap between the two cases. *See* Order at 8-10. Accordingly, Defendants' first objection is overruled.

With regard to Defendants' second objection, the Court finds that the Magistrate Judge did not establish an impracticable standard in venue transfer cases.[3] Defendants argue that the Magistrate Judge's Order requires a party seeking transfer under the first-to-file rule to delay filing a motion until it knows the precise claims asserted in each case. It further argues that this sort of delay is grounds for denying a venue transfer motion. DEF.'S MOT., Doc. No. 92 at 2-3. Defendants essentially argue that the Magistrate Judge placed Defendants in a Catch-22 situation.

Contrary to Defendants' argument, the Magistrate Judge did not create a bright-line rule that any venue transfer motion must be denied if the parties do not specify the claims at issue. Rather, the Magistrate Judge stated that Defendants had not demonstrated that the parties, products, issues, and patents in the two cases were similar enough to require transfer under the first-to-file rule. *See* Order at 8-10. The Court acknowledges that, in some venue transfer cases, a court may not need to consider the particular claims at issue, such as when a plaintiff asserts the same patent against the same defendant in two different courts. *See, e.g., Jackson v. Intel Corp.*, No. 2:08-cv-154, 2009 WL 749305 at *4 (E.D. Tex. Mar. 19, 2009) (transferring case to district in which multiple judges had extensive knowledge of the patent at issue); *AmberWave Sys. Corp. v. Intel Corp.*, No. 2:05-cv-321,

---

number of overlapping products, the Court will credit Defendants' statement that the overlap of accused products is greater than when the original Motion to Transfer Venue was filed.

[3] In addition, this objection is moot because the Court has considered the additional evidence submitted by Defendants without penalizing Defendants for any sort of delay.

2005 WL 2861476 *2 (E.D. Tex. Nov. 1, 2005) (transferring case where parties agreed that there was substantial overlap between the two cases at issue); *see also In re Volkswagen of America, Inc.*, 566 F.3d 1351; *Invitrogen Corp.*, 2009 WL 331891 at *4-5. However, in this case, where the patentee has asserted different patents against only some of the same defendants, it is not unreasonable for a court to consider the extent to which the different patents overlap. *See, e.g., Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-cv-113, 2009 WL 331889 at *4 (E.D. Tex. Feb. 9, 2009) (denying transfer where cases involved patents with few similarities); *J2 Global Commc'ns v. Protus IP Solutions, Inc.*, No. 6:08-cv-211, 2009 WL 440525 at *5-6 (E.D. Tex. Feb. 20, 2009) (same); *ConnecTel LLC v. Cisco Sys., Inc.*, No. 2:04-cv-396, 2005 WL 366966 at * 4 (E.D. Tex. Feb. 16, 2005) (denying transfer to Court which had previously construed only one of the four patents at issue); *See also Medimmune LLC v. PDL BioPharma, Inc.*, No. 08-5590, 2009 WL 1011519 at *3 (N.D. Cal. Apr. 14, 2009) (finding that the concern for judicial economy does not weigh in favor of transfer where the first filed court had limited involvement with the case and proceedings were currently stayed). One way to consider this overlap is by considering the claims at issue. Were the Court to rule that it is improper for a Court to consider the specific claims or products at issue, it would chain Plaintiff to S.D. Illinois whenever it asserted a patent in the same family as the '366 Patent. The Court is unwilling to create such a rule, particularly in light of the fact that the S.D. Illinois action is currently stayed. *Document Generation*, 3:07-cv-841, Doc. No. 245 (S.D. Ill. August 11, 2008).

Furthermore, Defendants have not shown that a party's good faith delay is grounds for automatic denial of a motion to transfer venue. While a Court may consider a party's unreasonable delay in deciding a motion to transfer venue, *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989), Defendants cite to no case in which a Court denied a motion to transfer venue solely

5

because the movant delayed filing its motion until after it had received the Plaintiff's infringement contentions. *Cf. Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys.*, No. 6:08-cv-286, 2009 WL 781134 at *7 (E.D. Tex. Mar. 23, 2009) (denying transfer based in part on the fact that Defendants filed their motion six months after the complaint was filed and offered no legitimate excuse for the delay).

The Court recognizes that a venue transfer motion may be brought early in the case, and that movants should not be held to an excessively high evidentiary burden. *See In re Genentech, Inc.*, 566 F.3d 1338, 1344-45 (Fed. Cir. 2009) (explaining that movants should not be forced to identify "key witnesses" for purposes of a motion to transfer venue); *see also Odom v. Microsoft Corp.*, 596 F.Supp.2d 995, 1001-02 (E.D. Tex. 2009) (not requiring Defendants to identify all of its potential witnesses for purposes of a motion to transfer venue). Nonetheless, the Court does not find it unreasonable to consider the similarity of asserted claims when determining the applicability of the first-to-file rule in patent cases involving different patents. Accordingly, Defendants' second objection is overruled.

## CONCLUSION

The Court adopts the Memorandum Opinion and Order of the United States Magistrate Judge as the Opinion and Order of this Court. Defendants' objections are overruled and its Motion for Reconsideration is **DENIED**. Plaintiff's Motion to Strike is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 27th day of August, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**